MORROW, P. J.

Robbery is the offense; penalty assessed at confinement in the penitentiary for a period of five years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

## H. B. HINES v. STATE.
### No. 15312.

Court of Criminal Appeals of Texas.
April 27, 1932.

Wayne Somerville, of Wichita Falls, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for drunkenness in a public place; punishment, a fine of one dollar.

There is in the record no statement of facts, and appellant has not seen fit to bring up any bills of exception.

Finding no error in the record, the judgment will be affirmed.

## Leona HINES v. STATE.
### No. 15050.

Court of Criminal Appeals of Texas.
April 13, 1932.

Wm. McMurrey, of Coldspring, and P. R. Rowe, of Livingston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Aiding a prisoner to escape is the offense; penalty assessed at confinement in the penitentiary for a period of two years.

On the vital question of the sufficiency of the evidence to show that the alleged prisoner was under arrest, the facts are identical with those in the case of Fannie Wyatt v. State, 47 S.W.(2d) 827, which was reversed by this court in an opinion delivered March 23, 1932.

Upon the authority of the case mentioned, the judgment is reversed and the cause remanded.

## Lillie HINES v. STATE.
### No. 15052.

Court of Criminal Appeals of Texas.
April 13, 1932.

Wm. McMurrey, of Coldspring, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Aiding a prisoner to escape is the offense; penalty assessed at confinement in the penitentiary for a period of two years.

On the vital question of the sufficiency of the evidence to show that the alleged prisoner was under arrest, the facts are identical with those in the case of Fannie Wyatt v. State, 47 S.W.(2d) 827, which was reversed by this court in an opinion delivered March 23, 1932.

Upon the authority of the case mentioned, the judgment is reversed and the cause remanded.

## Jennie HINES v. STATE.
### No. 15051.

Court of Criminal Appeals of Texas.
April 13, 1932.

Wm. McMurrey, of Coldspring, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Aiding a prisoner to escape is the offense; penalty assessed at confinement in the penitentiary for a period of two years.

On the vital question of the sufficiency of the evidence to show that the alleged prisoner was under arrest, the facts are identical with those in the case of Fannie Wyatt v. State, 47 S.W.(2d) 827, which was reversed by this court in an opinion delivered March 23, 1932.

Upon the authority of the case mentioned, the judgment is reversed and the cause remanded.